JS 44  (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

R. Knellinger, Interior Furniture Outlet, Inc., Giamari Furniture & Bedding, Inc., & Dimitrios Tsiobikas & Melissa Tsiohbikas

**DEFENDANTS**

York St. Property Dev., LP, York St. Property Dev., GP, LLC, YML Realty, Inc., Lichtenstein, Yechial Michael, Lichtenstein, Mahman Shimon, & City of Phila.

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Langhorne
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Joel F. Bigatel, 211 Haverford Ave., Suite 2F, Narberth, PA  19072
(610) 667-3282

Attorneys *(If Known)*
Michael R. Miller
Matthew Glazer

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. Sec. 1983

Brief description of cause:
Civil Rights Violation under 42 U.S.C. Sec. 1983

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ Yes    ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions:)*

JUDGE    Dalzell

DOCKET NUMBER    14-4589

DATE    08/12/2014

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

Richard Knellinger
2411 Kensington Avenue
Philadelphia, PA  19125
     and
 Interior Furniture Outlet, Inc.
2411 Kensington Avenue
Philadelphia, PA  19125
     and
Giamari Furniture & Bedding, Inc.
2411 Kensington Avenue
Philadelphia, PA  19125
     and
Dimitrios Tsiobikas and
Melissa Tsiobikas
651 Morris Road
Blue Bell, PA  19422

          **Plaintiffs**

       **V.**

York Street Property
Development, LP
One Oxford Valley, Suite 312
Langhorne, PA  19047
     And
York Street Property
Development, GP, LLC
One Oxford Valley, Suite 312
Langhorne, PA  19047
     and
YML Realty, Inc.
126 Rennard Place
Philadelphia, PA  19116
     And
Lichtenstein, Yechial Michael
a/k/a Lichtenstein, Michael
a/k/a Lichtenstein, Y. Michael
a/k/a Lichtenstein, Yechial/Yechiel
324 Avenue l
Brooklyn, NY  11230
     And
Lichtenstein, Mahman Shimon
a/k/a Lichtenstein, Nachman
207 Foster Avenue
Brooklyn, NY  11230
     And

Civil Action

NO: _____

Formerly

Court of Common Pleas
Philadelphia County
Trial Division – Civil
April Term 2014
No. 0408

City of Philadelphia
1515 Arch Street, #15
Philadelphia, PA  19102
                    Defendants

## NOTICE OF REMOVAL

**To the Honorable Judges of the United States District Court for the Eastern District of Pennsylvania.**

Pursuant to 28 U.S.C. § 1441, defendant, the City of Philadelphia (hereinafter "petitioners") through their counsel, Michael R. Miller, Assistant City Solicitor, respectfully petition for the removal of this action to the United States District Court for the Eastern District of Pennsylvania.  In support thereof, defendants state the following:

1.      In April 2014, plaintiffs initiated this action by a Complaint in the Court of Common Pleas in Philadelphia, April 2014, No. 0408.  (Exhibit A - Complaint).

2.      On July 21, 2014 said Complaint was served on Petitioners at 1515 Arch Street, 14th Floor, Philadelphia, Pennsylvania.

3.      Plaintiff alleges that during the period 2008 to April 9, 2012, he sustained damages when his civil rights were violated by the defendant. (Exhibit A ).

4.      This action may be removed to this Court pursuant to 28 U.S.C. § 1441 since Plaintiff's Complaint contains allegations of violations of the plaintiff's Federal Civil Rights and seeks relief under 42 U.S.C. § 1983.  (Exhibit A)

**Wherefore,** petitioners, the City of Philadelphia, respectfully request that the captioned Complaint be removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

Craig Straw
Chief Deputy City Solicitor

**MICHAEL R. MILLER**
**Assistant City Solicitor**
**Attorney I.D. No. 315759**
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
215-683-5433

Date:  08/12/2014

# IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Richard Knellinger<br>2411 Kensington Avenue<br>Philadelphia, PA  19125<br>   And<br> Interior Furniture Outlet, Inc.<br>2411 Kensington Avenue<br>Philadelphia, PA  19125<br>   and<br>Giamari Furniture & Bedding, Inc.<br>2411 Kensington Avenue<br>Philadelphia, PA  19125<br>   And<br>Dimitrios Tsiobikas and<br>Melissa Tsiobikas<br>651 Morris Road<br>Blue Bell, PA  19422 | Civil Action<br><br>NO: _____ |
|       Plaintiffs | |
|     V. | Formerly |
| York Street Property<br>Development, LP<br>One Oxford Valley, Suite 312<br>Langhorne, PA  19047<br>   And<br>York Street Property<br>Development, GP, LLC<br>One Oxford Valley, Suite 312<br>Langhorne, PA  19047<br>   and<br>YML Realty, Inc.<br>126 Rennard Place<br>Philadelphia, PA  19116<br>   And<br>Lichtenstein, Yechial Michael<br>a/k/a Lichtenstein, Michael<br>a/k/a Lichtenstein, Y. Michael<br>a/k/a Lichtenstein, Yechial/Yechiel<br>324 Avenue l<br>Brooklyn, NY  11230<br>   And<br>Lichtenstein, Mahman Shimon<br>a/k/a Lichtenstein, Nachman<br>207 Foster Avenue<br>Brooklyn, NY  11230<br>   And | Court of Common Pleas<br>Philadelphia County<br>Trial Division – Civil<br>April Term 2014<br>No. 0408 |

City of Philadelphia
1515 Arch Street, #15
Philadelphia, PA 19102
                    **Defendants**

## NOTICE OF FILING OF REMOVAL

TO:   Joel F. Bigatel
      211 Haverford Avenue
      Suite 2F
      Narberth, PA 19072

      Matthew A. Glazer
      Cozen O'Connor
      1900 Market St.
      Philadelphia, PA 19103

      PLEASE TAKE NOTICE THAT on     August 12, 2014, defendant, City of Philadelphia
filed, in the office of the Clerk of the United States District Court for the Eastern District of
Pennsylvania a verified Notice of Removal.

      A copy of this Notice of Removal is attached hereto and is also being filed with the Clerk
of the Court of Common Pleas of Philadelphia County, pursuant to Title 28, United States Code,
Section 1446(e).

                              _____
                              **MICHAEL R. MILLER**
                              **Assistant City Solicitor**
                              **Attorney I.D. No. 315759**
                              City of Philadelphia Law Department
                              1515 Arch Street, 14th Floor
                              Philadelphia, PA 19102
                              215-683-5433

# IN THE UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF PENNSYLVANIA

Richard Knellinger
2411 Kensington Avenue
Philadelphia, PA  19125
       And
 Interior Furniture Outlet, Inc.
2411 Kensington Avenue
Philadelphia, PA  19125
       and
Giamari Furniture & Bedding, Inc.
2411 Kensington Avenue
Philadelphia, PA  19125
       And
Dimitrios Tsiobikas and
Melissa Tsiobikas
651 Morris Road
Blue Bell, PA  19422

          **Plaintiffs**

       **V.**

York Street Property
Development, LP
One Oxford Valley, Suite 312
Langhorne, PA  19047
       And
York Street Property
Development, GP, LLC
One Oxford Valley, Suite 312
Langhorne, PA  19047
       and
YML Realty, Inc.
126 Rennard Place
Philadelphia, PA  19116
       And
Lichtenstein, Yechial Michael
a/k/a Lichtenstein, Michael
a/k/a Lichtenstein, Y. Michael
a/k/a Lichtenstein, Yechial/Yechiel
324 Avenue I
Brooklyn, NY  11230
       And
Lichtenstein, Mahman Shimon
a/k/a Lichtenstein, Nachman
207 Foster Avenue
Brooklyn, NY  11230
       And

Civil Action

NO: _____

Formerly

Court of Common Pleas
Philadelphia County
Trial Division – Civil
April Term 2014
No. 0408

City of Philadelphia
1515 Arch Street, #15
Philadelphia, PA  19102
                    Defendants

## CERTIFICATE OF SERVICE

I, Michael R. Miller, Assistant City Solicitor do hereby certify that a true and correct copy of the attached Notice of Removal has been served upon the following by First Class Mail, postpaid, on the date indicated below:

TO:    Joel F. Bigatel
       211 Haverford Avenue
       Suite 2F
       Narberth, PA  19072

       Matthew A. Glazer
       Cozen O'Connor
       1900 Market St.
       Philadelphia, PA  19103

       **Michael R. Miller**
       **Assistant City Solicitor**
       City of Philadelphia Law Department
       1515 Arch Street, 14th Floor
       Philadelphia, PA  19102
       215-683-5433

Date: 08/12/2014

Exhibit "A"

JOEL F. BIGATEL
211 HAVERFORD AVENUE
SUITE 2F
NARBERTH, PA 19072
(610) 667-3282
Attorney I.D. No 32740



## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA - CIVIL DIVISION

RICHARD KNELLINGER
2411 Kensington Avenue
Philadelphia, PA 19125
          and
INTERIOR FURNITURE OUTLET, INC.
2411 Kensington Avenue
Philadelphia, PA 19125
          and
GIAMARI FURNITURE & BEDDING, INC.
2411 Kensington Avenue
Philadelphia, PA 19125
          and
DIMITRIOS TSIOBIKAS and
MELISSA TSIOBIKAS
651 Morris Road
Blue Bell, PA 19422

      Plaintiffs

  v.

YORK STREET PROPERTY
DEVELOPMENT, LP
One Oxford Valley, Suite 312
Langhorne, PA 19047
          and
YORK STREET PROPERTY
DEVELOPMENT, GP, LLC
One Oxford Valley, Suite 312
Langhorne, PA 19047
          and
YML REALTY, INC.
126 Rennard Place
Philadelphia, PA 19116
          and

APRIL TERM, 2014

No. 0408

Case ID: 140400408

LICHTENSTEIN, YECHIAL MICHAEL
a/k/a LICHTENSTEIN, MICHAEL
a/k/a LICHTENSTEIN, Y. MICHAEL
a/k/a LICHTENSTEIN, YECHIAL/YECHIEL
324 Avenue I
Brooklyn, NY 11230
          and
LICHTENSTEIN, MAHMAN SHIMON
a/k/a LICHTENSTEIN, NACHMAN
207 Foster Avenue
Brooklyn, NY 11230
          and
CITY OF PHILADELPHIA
1515 Arch Street, #15
Philadelphia, PA 19102
                    Defendants

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

---

## NOTICE TO DEFEND

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

Case ID: 140400408

*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*

**Philadelphia Bar Association
Lawyer Referral
and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197**

*Lleve esta demanda a un abogado immediatamente. Si rio tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*

**Asociacion De Licenciados
De Filadelfia
Servicio De Referencia E
Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197**

JOEL F. BIGATEL
211 HAVERFORD AVENUE
SUITE 2F
NARBERTH, PA 19072
(610) 667-3282
Attorney I.D. No 32740

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA - CIVIL DIVISION

| | |
|---|---|
| RICHARD KNELLINGER<br>2411 Kensington Avenue<br>Philadelphia, PA 19125<br>and<br>INTERIOR FURNITURE OUTLET, INC.<br>2411 Kensington Avenue<br>Philadelphia, PA 19125<br>and<br>GIAMARI FURNITURE & BEDDING, INC.<br>2411 Kensington Avenue<br>Philadelphia, PA 19125<br>and<br>DIMITRIOS TSIOBIKAS and<br>MELISSA TSIOBIKAS<br>651 Morris Road<br>Blue Bell, PA 19422<br><br>                    Plaintiffs<br>     v.<br><br>YORK STREET PROPERTY<br>DEVELOPMENT, LP<br>One Oxford Valley, Suite 312<br>Langhorne, PA 19047<br>and<br>YORK STREET PROPERTY<br>DEVELOPMENT, GP, LLC<br>One Oxford Valley, Suite 312<br>Langhorne, PA 19047<br>and<br>YML REALTY, INC.<br>126 Rennard Place<br>Philadelphia, PA 19116<br>and | APRIL TERM, 2014<br><br>No. 0408 |

-1-

Case ID: 140400408

LICHTENSTEIN, YECHIAL MICHAEL
a/k/a LICHTENSTEIN, MICHAEL
a/k/a LICHTENSTEIN, Y. MICHAEL
a/k/a LICHTENSTEIN, YECHIAL/YECHIEL
324 Avenue I
Brooklyn, NY 11230
    and
LICHTENSTEIN, MAHMAN SHIMON
a/k/a LICHTENSTEIN, NACHMAN
207 Foster Avenue
Brooklyn, NY 11230
    and
CITY OF PHILADELPHIA
1515 Arch Street, #15
Philadelphia, PA 19102
        Defendants

          :
          :
          :
          :
          :
          :
          :
          :
          :
          :
          :
          :

## COMPLAINT

1.    Plaintiff is Richard Knellinger, an adult individual with a business address at 2411 Kensington Avenue, Philadelphia, PA 19125.

2.    Plaintiff is Interior Furniture Outlet, Inc., a Pennsylvania Business Corporation with a business address at 2411 Kensington Avenue, Philadelphia, PA 19125.

3.    Plaintiff is Giamari Furniture & Bedding, Inc., a Pennsylvania Business Corporation with a registered address at 2411 Kensington Avenue, Philadelphia, PA 19125.

4.    Plaintiff is Dimitrios Tsiobikas, an adult individual residing at 651 Morris Road, Blue Bell, PA 19422.

5.    Plaintiff is Melissa Tsiobikas, an adult individual residing at 651 Morris Road, Blue Bell, PA 19422.

-2-

Case ID: 140400408

6.  Defendant is York Street Property Development, LP, a Pennsylvania limited partnership with a registered business address at One Oxford Valley, Suite 312, Langhorne, PA 19047.

7.  Defendant is York Street Property Development GP, LLC, a Pennsylvania limited liability company with a registered business address at One Oxford Valley, Suite 312, Langhorne, PA 19047.

8.  Defendant is YML Realty, Inc., a Pennsylvania management corporation with a registered business address at 126 Rennard Place, Philadelphia, PA 19116.

9.  Defendant is Yechial Michael Lichtenstein, a/k/a Michael Lichtenstein, a/k/a Y. Michael Lichtenstein, a/k/a Yechial/Yechiel Lichtenstein, an adult individual residing at 324 Avenue I, Brooklyn, NY 11230.

10.  Defendant is Mahman Shimon Lichtenstein, a/k/a Nachman Lichtenstein, an adult individual residing at 207 Foster Avenue, Brooklyn, NY 11230 (collectively with Defendants York Street Property Development, LP, York Street Property Development GP, LLC, YML Realty, Inc., and Yechial Michael Lichtenstein hereinafter "York Street Defendants").

11.  Defendant is the City of Philadelphia with an office address at 1515 Arch Street, #15, Philadelphia PA 19102.

12.  Defendant Yechiel Michael Lichtenstein is the President and Secretary of Defendant YML Realty, Inc.

13.  Defendant Mahman Lichtenstein is the President and sole member of York Street Property Development GP, LLC.

14.  Defendant York Street Property Development GP, LLC is the general partner of Defendant York Street Property Development, LP.

-3-

15.   In or about 2008, Defendant YML Realty, Inc. was used as a straw purchaser for the former Thomas W. Buck Hosiery factory, located at 1817-41 York Street, (hereinafter "York Street Property" or "Property"), facilitating a transfer of the property from the previous owner to Defendant York Street Property Development, LP.

16.   Defendant York Street Property Development, LP, was the owner of the York Street Property at all times pertinent to this matter.

17.   During the period 2008 to April 9, 2012, the York Street Property was not maintained in a legal condition. Among numerous defects, the Property did not have a working sprinkler system nor a working alarm system and was not properly maintained nor secured against trespassers.

18.   The City of Philadelphia Department of Licenses and Inspections ("L&I") issued numerous code violations for the Property.

19.   On or about January 27, 2009, L&I issued a violation based on the failure of the owners of the Property to maintain the property in a clean, safe and secure condition.

20.   Over the next several years, L&I issued numerous other code violation notices regarding the Property including notices dated March 3, 2009; April 9, 2009; May 27, 2009; June 29, 2009; October 9, 2009; December 16, 2010; November 2, 2011; December 13, 2011; December 16, 2011; January 13, 2012; February 14, 2012; and March 29, 2012.

21.   In each notice, L&I informed the York Street Defendants that the Property was designated as "unsafe."

22.   Between 2008 and April 9, 2012, numerous vandals, vagrants, drug dealers, drug users, prostitutes, looters, and others were entering upon and/or residing at the Property.

-4-

23. These individuals occupants were engaged in various activities, including, but not limited to, starting fires on the property and in the buildings on the property.

24. From at least 2009, York Street Defendants were on notice of the unsafe conditions and that persons were entering and leaving the York Street Property freely through a door on Boston Street.

25. By at least the fall of 2010, Defendant Michael Lichtenstein was aware that trespassers were entering and leaving the York Street Property freely through a door on Boston Street.

26. Defendant Michael Lichtenstein was also aware that another building in the neighborhood had recently caught fire.

27. Neither Defendant Michael Lichtenstein, nor any other Defendant, took any action to maintain the property in a safe condition nor to secure the York Street Property as a result of Richard Knellinger's warnings.

28. In or about October 2011, a group of local residents contacted Defendant City of Philadelphia regarding the numerous code violations at the York Street Property, as well as other unsafe conditions. In particular, they noted three compromised exterior doors, over eighty broken windows, an unsecured elevator shaft, a partial roof collapse, and plants growing in cracks of the warehouse's walls.

29. On or about November 2, 2011, in response to the residents' complaints, Defendant City of Philadelphia sent Ted Pendergrass, an L&I inspector, to the York Street Property. Mr. Pendergrass opened a new case on the Property file – as opposed to adding the violation to the ongoing case file from 2009 – and issued a "first" violation under the new case number. Such violation was forwarded to the York Street Defendants' attorney, Darrell Zaslow, Esquire.

30. On or about December 13, 2011, Mr. Pendergrass re-inspected the Property. The condition of the property remained unchanged. Mr. Pendergrass issued a second notice regarding the violation. Such notice was forwarded to the York Street Defendants' attorney, Mr. Zaslow.

31. On or about January 13, 2012, Mr. Pendergrass re-inspected the Property. As the condition of the property remained unchanged, Mr. Pendergrass issued a further notice regarding the violation, which notice was forwarded to the York Street Defendants' attorney, Mr. Zaslow.

32. On or about February 14, 2012, Michael Ross, an L&I inspector, re-inspected the Property. Mr. Ross issued a violation notice regarding the defective sprinkler system, duplicative of a notice sent in 2009. Said notice was mailed to 324 Avenue I, Brooklyn, New York.

33. On or about March 29, 2012, an L&I supervisor re-inspected the property. While at the property, the supervisor was informed by local residents that there were regular fires at night within the York Street Property and that trespassers were easily able to access the Property. The inspector cited the building as "unsafe." This notice was sent via certified mail to the York Street Defendants' attorney, Mr. Zaslow.

34. York Street Defendants took no action to correct the dangerous conditions and numerous code violations nor to secure the York Street Property.

35. On or about April 9, 2012, fire engulfed the York Street Property. Forty fire companies and over one hundred firefighters responded to the fire.

36. Due to the heat from the fire and high winds, embers and burning pieces of debris were spread throughout the area of the York Street Property and onto properties located near the York Street Property.

-6-

37.  As a result of the fire, the York Street Property collapsed. A portion of the Property collapsed into and on top of the adjacent property at 2411 Kensington Avenue. Two firefighters were killed in the collapse, and two more firefighters were injured.

38.  As a result of the fire and subsequent collapse, Plaintiffs Interior Furniture Outlet, Inc. and Giamari Furniture & Bedding, Inc. suffered damages including the destruction of a substantial amount of in stock goods and future purchases being delayed or cancelled.

39.  As a result of the fire and subsequent collapse, Plaintiffs suffered damages including the destruction of a substantial amount of property.

40.  As a result of the fire and subsequent collapse, Plaintiffs' buildings were damaged and required extensive repairs.

41.  Following the warehouse fire, a Grand Jury was formed to investigate the fire. The Grand Jury drafted a report titled: Report and Records of the County Investigating Grand Jury XXV.

42.  On or about February 3, 2014, the Court of Common Pleas of Philadelphia County accepted the Report of the Grand Jury and submitted it to the Clerk of the Court to be filed as a public record.

43.  The Grand Jury found, among many items, that in regard to the York Street Property, Defendant City of Philadelphia, and in particular L&I, had a custom and practice of not properly citing, documenting, and identifying material defects; did not meaningfully enforce its Building and/or Maintenance Codes; and did not take appropriate legal action to ensure compliance with the Codes or to properly secure and/or demolish the Property.

-7-

Case ID: 140400408

## COUNT I - NEGLIGENCE
## PLAINTIFFS v. YORK STREET PROPERTY DEVELOPMENT, LP; YORK STREET PROPERTY DEVELOPMENT, GP, LLC; YML REALTY, INC.; YECHIAL MICHAEL LICHTENSTEIN; and MAHMAN SHIMON LICHTENSTEIN ("YORK STREET DEFENDANTS")

44.     Paragraphs 1 through 43 of the foregoing Complaint are incorporated herein by reference as if fully set forth.

45.     Defendant Michael Lichtenstein was personally aware of the dangerous conditions at the York Street Property as he visited the property on numerous occasions and was repeatedly told of the Code Violations at the Property.

46.     York Street Defendants were aware, or should have been aware, of the condition of the York Street Property as their attorney was mailed numerous notices from 2009 to 2012 regarding code violations and unsafe conditions at the Property.

47.     York Street Defendants had a duty to maintain the York Street Property in a safe condition.

48.     York Street Defendants owed a duty to surrounding property owners, including Plaintiffs, to secure their property against defects that could harm other owners or the property of other owners.

49.     York Street Defendants failed to secure the York Street Property against known and repeat trespassers, to ensure compliance with local building, maintenance, and health codes, and to address L&I notices and violations.

50.     The failure to maintain safe and secure conditions at properties owned by the York Street Defendants was a pattern, practice or custom of the business practices of the York Street Defendants.

-8-

Case ID: 140400408

51. This failure of York Street Defendants to properly maintain and secure the property led directly to the fire of April 9, 2012.

52. York Street Defendants' failure to secure the York Street Property against known trespassers, to ensure compliance with local building, maintenance, and health codes, and to address L&I notices and violations were a direct and proximate cause of the losses that Plaintiffs sustained due to the fire and subsequent collapse at the York Street Property.

53. As a direct and proximate result of Defendants' conduct and the resulting fire of April 9, 2012, Plaintiffs lost substantial sums of valuable goods, suffered property damage, and were deprived of their valuable property rights and suffered damages in the form of lost business, deprivation of the use and enjoyment of their properties, and lost income and profits, loss of use of the business premises, loss of present and future customers, loss of business records, loss of income and profits , loss of goodwill and substantial out of pocket funds spent to secure and restore the business, its inventory and business location.

WHEREFORE, Plaintiffs demand judgment in their favor and against the York Street Defendants, jointly and severally, for damages incurred, interest, costs, counsel fees, punitive damages and damages for delay in an amount in excess of $50,000.00.

## COUNT II - NUISANCE
### PLAINTIFFS v. YORK STREET PROPERTY DEVELOPMENT, LP; YORK STREET PROPERTY DEVELOPMENT, GP, LLC; YML REALTY, INC.; YECHIAL MICHAEL LICHTENSTEIN; and MAHMAN SHIMON LICHTENSTEIN ("YORK STREET DEFENDANTS")

54. Paragraphs 1 through 53 of the foregoing Complaint are incorporated herein by reference as if fully set forth.

55. The fire and collapse of the building at the York Street Property were the result of York Street Defendants' failure to maintain property in a safe condition, to secure the York Street Property against known trespassers, to ensure

-9-

compliance with local building, maintenance, and health codes, and to address
L&I notices and violations.

56. These actions and/or omissions of York Street Defendants at the York Street
Property encroached on Plaintiffs' private use and enjoyment of their property.

57. These actions and/or inactions of York Street Defendants were done knowingly,
intentionally, willfully, or unreasonably.

58. To the extent that York Street Defendants' actions and/or omissions were not
done knowingly, intentionally, willfully, or unreasonably, such actions were done
either negligently or recklessly.

59. The actions and/or omissions of York Street Defendants resulted in abnormally
dangerous conditions at or about the York Street Property.

60. York Street Defendants' actions and/or omissions were a direct and proximate
cause of the losses that Plaintiffs sustained due to the fire and subsequent
collapse of the building at the York Street Property.

61. As a direct and proximate result of Defendants' conduct and the resulting fire of
April 9, 2012, Plaintiffs lost substantial sums of valuable goods, suffered property
damage, and were deprived of their valuable property rights and suffered
damages in the form of lost business, deprivation of the use and enjoyment of
their properties, and lost income and profits, loss of use of the business
premises, loss of present and future customers, loss of business records, loss of
income and profits, loss of goodwill and substantial out of pocket funds spent to
secure and restore the business, its inventory and business location.

WHEREFORE, Plaintiffs demand judgment in their favor and against the York
Street Defendants, jointly and severally, for damages incurred, interest, costs, counsel
fees, punitive damages and damages for delay in an amount in excess of $50,000.00.

## COUNT III - PIERCING THE CORPORATE VEIL
## PLAINTIFFS v. YORK STREET PROPERTY DEVELOPMENT, LP; YORK STREET PROPERTY DEVELOPMENT, GP, LLC; YML REALTY, INC.; YECHIAL MICHAEL LICHTENSTEIN; and MAHMAN SHIMON LICHTENSTEIN ("YORK STREET DEFENDANTS")

62. Paragraphs 1 through 61 are incorporated herein by reference as though fully set forth at length.

63. Upon information and belief, at all times relevant hereto, Yechial Michael Lichtenstein, was the sole manager and/or member of YML Realty Inc. and dominated and controlled the activities and business decisions of YML Realty Inc.

64. While engaged in the series of acts and omissions described herein and engaged in business transactions involving YML Realty Inc. as well as Yechial Michael Lichtenstein himself, Yechial Michael Lichtenstein behaved in such a fashion that his acts and omissions as representative of YML Realty Inc. and what he did in his personal capacity were and are indistinguishable.

65. Upon information and belief, Yechial Michael Lichtenstein failed to keep assets of YML Realty Inc. separate and distinct from his own and ignored most, if not all, formalities required of corporate operation.

66. Upon information and belief, Yechial Michael Lichtenstein formed YML Realty Inc. for the purpose of, among other things, avoiding personal responsibility to others for tortious acts and breaches committed by Yechial Michael Lichtenstein.

67. Upon information and belief, YML Realty Inc. is the alter ego of Yechial Michael Lichtenstein.

68. Upon information and belief, at all times relevant hereto, Yechial Michael Lichtenstein and Mahmon Shimon Lichtenstein, were the sole managers and/or members of York Street Property Development, LP and York Street Property Development, GP, LLC and dominated and controlled the activities and business

-11-

decisions of York Street Property Development, LP and York Street Property Development, GP, LLC.

69. While engaged in the series of acts and omissions described herein and engaged in business transactions involving York Street Property Development, LP and York Street Property Development, GP, LLC as well as Yechial Michael Lichtenstein and Mahmon Shimon Lichtenstein themselves, Yechial Michael Lichtenstein and Mahmon Shimon Lichtenstein behaved in such a fashion that his acts and omissions as representative of YML Realty Inc. and what they did in their personal capacity were and are indistinguishable.

70. Upon information and belief, Yechial Michael Lichtenstein and Mahmon Shimon Lichtenstein failed to keep assets of York Street Property Development, LP and York Street Property Development, GP, LLC separate and distinct from their own and ignored most, if not all, formalities required of corporate operation.

71. Upon information and belief, Yechial Michael Lichtenstein and Mahmon Shimon Lichtenstein formed York Street Property Development, LP and York Street Property Development, GP, LLC for the purpose of, among other things, avoiding personal responsibility to others for tortious acts and breaches committed by Yechial Michael Lichtenstein and Mahmon Shimon Lichtenstein.

72. Upon information and belief, York Street Property Development, LP and York Street Property Development, GP, LLC are the alter egos of Yechial Michael Lichtenstein and Mahmon Shimon Lichtenstein.

WHEREFORE, Plaintiffs demand judgment in their favor and against YML Realty Inc., York Street Property Development, LP, York Street Property Development, GP, LLC, Yechial Michael Lichtenstein, and Mahmon Shimon Lichtenstein, jointly and severally, for damages incurred, interest, costs, counsel fees, punitive damages and damages for delay in an amount in excess of $50,000.00.

Case ID: 140400408

## COUNT IV - 42 USC § 1983
## PLAINTIFFS v. CITY OF PHILADELPHIA

73.  Paragraphs 1 through 72 of the foregoing Complaint are incorporated herein by reference as if fully set forth.

74.  Pursuant to 42 U.S.C. § 1983, Plaintiffs seek compensatory damages, and other such relief as is permitted.

75.  The statements, acts, and omissions of Defendant City of Philadelphia, through its agents, representatives, servants, and employees, including, but not limited to, L&I, constitute the policy and practice of Defendant City of Philadelphia.

76.  The acts and omissions of the agents, representatives, servants, and employees of Defendant City of Philadelphia were done under the color of state and local law.

77.  By failing to take proper action to address three years of complaints and the conditions at the property giving rise to numerous code violations and notices, Defendant City of Philadelphia aided, comforted, encouraged and provided incentive for the acts and omissions of York Street Defendants that give rise to liability.

78.  By failing to take proper action to address three years of complaints and the conditions at the property giving rise to numerous code violations and notices, Defendant City of Philadelphia approved, acquiesced, and concurred with the acts and omissions of York Street Defendants that give rise to liability.

79.  By failing to take proper action to address three years of complaints and the conditions at the property giving rise to numerous code violations and notices, Defendant City of Philadelphia set into action a chain of events that it knew or reasonably should have known would cause the acts and omissions of York Street Defendants that give rise to liability.

-13-

80. Defendant City of Philadelphia undertook a special relationship with Plaintiffs by issuing citations to the York Street Defendants for violations of the Building, Fire, and/or Maintenance Code at the York Street Property. Such citations were purportedly designed to protect Plaintiffs, and others similarly situated, from health and safety risks associated with the violations at the Property.

81. Defendant City of Philadelphia undertook a special relationship with Plaintiffs by providing the sole remedy for the Building, Fire, and/or Maintenance Code violations at the York Street Property through the establishment of a system of published notice, remediation and sanctions practices and procedures.

82. Defendant City of Philadelphia undertook a special relationship with Plaintiffs through L&I's numerous visits to and inspections of the York Street Property.

83. Defendant City of Philadelphia, through deliberate indifference that was so egregious as to shock the conscience of an ordinary, reasonable, and prudent person, failed to adequately train and/or supervise persons responsible for inspecting buildings, issuing citations under the Building, Fire, and/or Maintenance Codes, and ensuring compliance with the codes, notices, and citations.

84. It was the policy and custom of Defendant City of Philadelphia, at all times relevant to this Complaint, to refuse to meaningfully enforce its Building, Fire, and/or Maintenance Codes.

85. It was the policy and custom of Defendant City of Philadelphia to fail and/or decline to take appropriate legal action regarding properties that did not comply with its Building, Fire, and/or Maintenance Codes.

86. It was the custom of Defendant City of Philadelphia to fail and/or decline to follow its stated, internal policies and procedures regarding the Building, Fire, and/or Maintenance Codes.

-14-

87.  In failing and/or declining to take appropriate legal action against York Street Defendants and/or the York Street Property, Defendant City of Philadelphia was determining and setting its policy.

88.  As a direct and proximate result of Defendant City of Philadelphia's actions, conduct, and omissions, the York Street Property was not properly and safely maintained and secured, which failure was a direct and proximate cause of the fire of April 9, 2012, which deprived Plaintiffs of their valuable property interests.

89.  As a direct and proximate result of Defendant City of Philadelphia's actions, conduct, and omissions, the York Street Property was not properly and safely maintained and secured, which failure was a direct and proximate cause of the fire of April 9, 2012, which failure deprived Plaintiffs of their legitimate expectation that they were receiving protection from unsafe conditions by Defendant City of Philadelphia, through the enforcement of its Building, Fire, and/or Maintenance Codes.

90.  Defendant City of Philadelphia's actions, conduct, and omissions constitute an unlawful taking and deprivation of Plaintiffs' property rights under the Fifth and Fourteenth Amendments of the United States Constitution.

91.  Defendant City of Philadelphia's actions, conduct and omissions constitute an unlawful taking and deprivations of Plaintiffs' property rights in violation of the Equal Protection Clause of the United States Constitution.

92.  The actions and omissions of Defendant City of Philadelphia as set forth above, constitute deliberate indifference that was so egregious as to shock the conscience of an ordinary, reasonable and prudent person, and proximately caused Plaintiffs to suffer damages, including economic loss and unlawful deprivation of property rights and interests.

-15-

Case ID: 140400408

93.    Pursuant to 42 U.S.C. § 1988, Plaintiffs are entitled to attorneys fees.

Wherefore, Plaintiffs demand judgment in their favor and against Defendant City of Philadelphia for damages incurred, interest, costs, counsel fees, punitive damages and damages for delay in an amount in excess of $50,000.00.

## COUNT V - NEGLIGENCE
## PLAINTIFFS v. CITY OF PHILADELPHIA

94.    Paragraphs 1 through 93 of the foregoing Complaint are incorporated herein by reference as if fully set forth.

95.    Defendant City of Philadelphia owed a duty to all citizens to properly maintain the roads and sidewalks under its ownership and control.

96.    Defendant City of Philadelphia owned the roads and sidewalks near and surrounding the York Street Property at all times pertinent to this matter.

97.    In failing to act upon the numerous code violations at the York Street Property, Defendant City of Philadelphia failed to properly maintain the roads and highways surrounding the York Street Property.

98.    In failing to act upon the numerous code violations at the York Street Property, Defendant City of Philadelphia failed to properly maintain the sidewalks surrounding the York Street Property.

99.    The fire and collapse at the York Street Property was a reasonably foreseeable risk of Defendant City of Philadelphia's failure to act upon the numerous code violations and related failure to maintain the roads and sidewalks surrounding the Property.

100.   This failure to act was a direct and proximate cause of the losses suffered by Plaintiffs in the fire and collapse at the York Street Property.

-16-

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendant City of Philadelphia for damages incurred, interest, costs, counsel fees, punitive damages and damages for delay in an amount in excess of $50,000.00.

## COUNT VI
### PLAINTIFF KNELLINGER v. YORK STREET PROPERTY DEVELOPMENT, LP; YORK STREET PROPERTY DEVELOPMENT, GP, LLC; YML REALTY, INC.; YECHIAL MICHAEL LICHTENSTEIN; MAHMAN SHIMON LICHTENSTEIN; and CITY OF PHILADELPHIA

101.   Paragraphs 1 through 100 are incorporated herein as if fully set forth.

102.   At all times pertinent hereto, Plaintiff Knellinger was operating a furniture store at 2411 Kensington Avenue, Philadelphia, PA 19125 and was in the process of purchasing the property on which the store was located.

103.   The fire of April 9, 2012 rendered the space unusable for an extended period of time thereafter.

104.   As a direct and proximate result of Defendants' conduct and the resulting fire of April 9, 2012, Plaintiff Knellinger lost substantial sums of valuable goods, where the fire destroyed much of his company's inventory.

105.   As a direct and proximate result of Defendants' conduct and the resulting fire of April 9, 2012, Plaintiff Knellinger was unable to meet contractual obligations due to loss of inventory and was subsequently sued for breach of contract by a customer.

106.   As a direct and proximate result of Defendants' conduct and the resulting fire of April 9, 2012, Plaintiff Knellinger was deprived of his valuable property rights as the fire destroyed much the building that Plaintiff Knellinger was leasing and in the process of purchasing, resulting in the Philadelphia Department of Licenses and Inspection to declare the property Immanently Dangerous, thus interfering with Plaintiff Knellinger's ability to exercise his rights as a lessee and future owner and to conduct business on the premises.

-17-

107.   As a direct and proximate result of Defendants' conduct and the resulting fire of April 9, 2012, Plaintiff Knellinger lost substantial sums of valuable goods, suffered property damage, and were deprived of his valuable property rights and suffered damages in the form of lost business, deprivation of the use and enjoyment of his property, and lost income and profits, loss of use of the business premises, loss of present and future customers, loss of business records, loss of income and profits, loss of goodwill and substantial out of pocket funds spent to secure and restore the business, its inventory and business location and diminution in the value of his property, both real and personal.

WHEREFORE, Plaintiff Knellinger demands judgment in his favor and against Defendant City of Philadelphia for damages incurred, interest, costs, counsel fees, punitive damages and damages for delay in an amount in excess of $50,000.00.

## COUNT VII
### PLAINTIFF INTERIOR FURNITURE v. YORK STREET PROPERTY DEVELOPMENT, LP; YORK STREET PROPERTY DEVELOPMENT, GP, LLC; YML REALTY, INC.; YECHIAL MICHAEL LICHTENSTEIN; MAHMAN SHIMON LICHTENSTEIN; and CITY OF PHILADELPHIA

108.   Paragraphs 1 through 100 are incorporated herein as if fully set forth.

109.   At all times pertinent hereto, Plaintiff Interior Furniture was a furniture store operating at 2411 Kensington Avenue, Philadelphia, PA 19125.

110.   The fire of April 9, 2012 rendered the space unusable for an extended period of time thereafter.

111.   As a direct and proximate result of Defendants' conduct and the resulting fire of April 9, 2012, Plaintiff Interior Furniture lost substantial sums of valuable goods, suffered property damage, and was deprived of its valuable property rights and suffered damages in the form of lost business, deprivation of the use and enjoyment of its property, and lost income and profits, loss of use of the business premises, loss of present and future customers, loss of business records, loss of

-18-

income and profits, loss of goodwill and substantial out of pocket funds spent to secure and restore the business, its inventory and business location.

112. As a direct and proximate result of Defendants' conduct and the resulting fire of April 9, 2012, Plaintiff Interior Furniture suffered economic and property damage in having a significant portion of its building destroyed, resulting in the Philadelphia Department of Licenses and Inspection to declare the property Immanently Dangerous, prohibiting entrance into the store; in having to close for an extended period of time, losing business each day it was closed; and in losing a substantial portion of its inventory due to fire damage.

WHEREFORE, Plaintiff Interior Furniture demands judgment in its favor and against Defendant City of Philadelphia for damages incurred, interest, costs, counsel fees, punitive damages and damages for delay in an amount in excess of $50,000.00.

## COUNT VIII
### PLAINTIFF GIAMARI FURNITURE v. YORK STREET PROPERTY DEVELOPMENT, LP; YORK STREET PROPERTY DEVELOPMENT, GP, LLC; YML REALTY, INC.; YECHIAL MICHAEL LICHTENSTEIN; MAHMAN SHIMON LICHTENSTEIN; and CITY OF PHILADELPHIA

113. Paragraphs 1 through 100 are incorporated herein as if fully set forth.

114. At all times pertinent hereto, Plaintiff Giamari Furniture was a furniture store operating at 2411 Kensington Avenue, Philadelphia, PA 19125.

115. The fire of April 9, 2012 rendered the space unusable for an extended period of time thereafter.

116. As a direct and proximate result of Defendants' conduct and the resulting fire of April 9, 2012, Plaintiff Giamari Furniture lost substantial sums of valuable goods, suffered property damage, and was deprived of its valuable property rights and suffered damages in the form of lost business, deprivation of the use and enjoyment of its property, and lost income and profits, loss of use of the business

-19-

Case ID: 140400408

premises, loss of present and future customers, loss of business records, loss of income and profits, loss of goodwill and substantial out of pocket funds spent to secure and restore the business, its inventory and business location.

117.    As a direct and proximate result of Defendants' conduct and the resulting fire of April 9, 2012, Plaintiff Giamari Furniture was unable to meet contractual obligations due to loss of inventory and was subsequently sued for breach of contract by multiple customers.

118.    As a direct and proximate result of Defendants' conduct and the resulting fire of April 9, 2012, Plaintiff Giamari Furniture suffered economic and property damage in having a significant portion of its building destroyed, resulting in the Philadelphia Department of Licenses and Inspection to declare the property Immanently Dangerous, prohibiting entrance into the store; in having to close for an extended period of time, losing business each day it was closed; and in losing a substantial portion of its inventory due to fire damage.

WHEREFORE, Plaintiff Giamari Furniture demands judgment in its favor and against Defendant City of Philadelphia for damages incurred, interest, costs, counsel fees, punitive damages and damages for delay in an amount in excess of $50,000.00.

## COUNT IX
**PLAINTIFFS DIMITRIOS TSIOBIKAS AND MELISSA TSIOBIKAS v. YORK STREET PROPERTY DEVELOPMENT, LP; YORK STREET PROPERTY DEVELOPMENT, GP, LLC; YML REALTY, INC.; YECHIAL MICHAEL LICHTENSTEIN; MAHMAN SHIMON LICHTENSTEIN; and CITY OF PHILADELPHIA**

119.    Paragraphs 1 through 100 are incorporated herein as if fully set forth.

120.    At all times pertinent hereto, Plaintiffs Dimitrios Tsiobikas and Melissa Tsiobikas were individuals owning a property at 1805 York Street, Philadelphia, PA 19125.

121.    The fire of April 9, 2012 rendered the space unusable for an extended period of time thereafter.

-20-

Case ID: 140400408

122.   As a direct and proximate result of Defendants' conduct and the resulting fire of April 9, 2012, Plaintiffs Dimitrios and Melissa Tsiobikas suffered property damage as, among other damages, the fire melted part of their property's roof and rain gutters, the fire launched bricks from the York Street property into the side of Plaintiffs Dimitrios and Melissa Tsiobikas' property, the property's glass windows cracked, and the fire department cut down its front door, back door, and gate in their efforts to fight the fire.

123.   As a direct and proximate result of Defendants' conduct and the resulting fire of April 9, 2012, Plaintiffs Dimitrios and Melissa Tsiobikas were deprived of their valuable property rights including diminution in the value of their property, loss of use and enjoyment of the property, loss of income and other benefits of ownership of the property and out of pocket expenses to secure and restore the property.

WHEREFORE, Plaintiffs Dimitrios and Melissa Tsiobikas demand judgment in their favor and against Defendant City of Philadelphia for damages incurred, interest, costs, counsel fees, punitive damages and damages for delay in an amount in excess of $50,000.00.

Respectfully submitted,

7-15-14
Date

JOEL F. BIGATEL, ESQ.
Counsel for Plaintiffs

-21-

Case ID: 140400408

## **VERIFICATION**

Richard Knellinger, Plaintiff, verifies that the statements made in the foregoing Complaint are true and correct to the best of his knowledge, information and belief. The undersigned understands that the statements therein are made subject to the penalties of 18 PA. C.S.  Section 4904 relating to unsworn falsification to authorities.

_____
Richard Knellinger

DATE: 7/15/14

Case ID: 140400408

## VERIFICATION

Richard Knellinger, agent for Interior Furniture Outlet, Inc., Plaintiff, verifies that the statements made in the foregoing Complaint are true and correct to the best of his knowledge, information and belief.  The undersigned understands that the statements therein are made subject to the penalties of 18 PA. C.S.  Section 4904 relating to unsworn falsification to authorities.

_____
Richard Knellinger
Agent for Interior Furniture Outlet, Inc.

DATE: 7/15/14

Case ID: 140400408

## VERIFICATION

Wilmarys Ocasio-Cruz, agent for Giamari Furniture & Bedding, Inc., Plaintiff, verifies that the statements made in the foregoing Complaint are true and correct to the best of her knowledge, information and belief.  The undersigned understands that the statements therein are made subject to the penalties of 18 PA. C.S.  Section 4904 relating to unsworn falsification to authorities.

Wilmarys Ocasio-Cruz
Agent for Giamari Furniture & Bedding,
Inc.

DATE: 7/15/14

## VERIFICATION

Dimitrios Tsiobikas, Plaintiff, verifies that the statements made in the foregoing Complaint are true and correct to the best of his knowledge, information and belief. The undersigned understands that the statements therein are made subject to the penalties of 18 PA. C.S. Section 4904 relating to unsworn falsification to authorities.

Dimitrios Tsiobikas

DATE: 5/20/14

**VERIFICATION**

Melissa Tsiobikas, Plaintiff, verifies that the statements made in the foregoing Complaint are true and correct to the best of her knowledge, information and belief. The undersigned understands that the statements therein are made subject to the penalties of 18 PA. C.S.. Section 4904 relating to unsworn falsification to authorities.

*Melissa Tsiobikas*

Melissa Tsiobikas

DATE: 5/20/14

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA – DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:   2411 Kensington Avenue, Philadelphia, PA 19125

Address of Defendant:   Law Department, 1515 Arch Street, 14th Floor, Philadelphia, PA 19102

Place of Accident, Incident or Transaction:   Philadelphia, PA
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)).　　Yes ☐　　No ☒

Does this case involve multidistrict litigation possibilities?　　Yes ☐　　No ☒
*RELATED CASE IF ANY:*

Case Number: _____  Judge _____　　Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1.　Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
　　Yes ☐　　No ☒

2.　Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?　　Yes ☒　　No ☐

3.　Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?　　Yes ☐　　No ☒

CIVIL: (Place   in ONE CATEGORY ONLY)

**A. *Federal Question Cases:***

1.　☐　Indemnity Contract, Marine Contract, and All
2.　☐　FELA
3.　☐　Jones Act – Personal Injury
4.　☐　Antitrust
5.　☐　Patent
6.　☐　Labor-Management Relations
7.　☒　Civil Rights
8.　☐　Habeas Corpus
9.　☐　Securities Act(s) Cases
10.　☐　Social Security Review Cases
11.　☐　All Other Federal Questions Cases (Please specify)

**B. *Diversity Jurisdiction Cases:***

Other Contracts　1. ☐　Insurance Contract and Other Contracts
2. ☐　Airplane Personal Injury
3. ☐　Assault, Defamation
4. ☐　Marine Personal Injury
5. ☐　Motor Vehicle personal Injury
6. ☐　Other Personal Injury (Please specify)
7. ☐　Products Liability
8. ☐　Products liability - Asbestos
9. ☐　All other Diversity Cases
(Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I,　Michael R. Miller　, counsel of record do hereby certify:

☒　Pursuant to Local Rule 53.3 A, civil rights cases are excluded from arbitration.

☐　Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐　Relief other than monetary damages is sought.

DATE:　8/12/14　　　Michael R. Miller　　　315759
　　　　　　　　　　　Attorney-at-Law　　　　　Attorney I.D. #

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____

　　　　　　　　Michael R. Miller, Esquire　　　Attorney I.D. #
　　　　　　　　Attorney-at-Law

CIV. 609 (4/03)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Richard Knellinger, Interior Furniture
Outlet, Inc., Giamari Furniture & Bedding Inc.,
Dimitrios Tsiobikas & Melissa Tsiobikas
      v.
York Street Property Development, LP,
York Street Property Development, GP, LLC
YML Realty, Inc., Lichtenstein, Yechial Michael,
Lichtenstein, Mahman Shimon, and
City of Philadelphia

**Civil Action**

**No.**

## CASE MANAGEMENT TRACK DESIGNATION FORM

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus -- Cases brought under 28 U.S.C. §2241through § 2255.      ( )

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health
 and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos -- Cases involving claims for personal injury or property damage from
 exposure to asbestos.               ( )

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are
 commonly referred to as complex and that need special or intense management by
 the court. (See reverse side of this form for a detailed explanation of special
 management cases.)               ( )

(f) Standard Management -- Cases that do not fall into any one of the other tracks.  **( X )**

        **Michael R. Miller, Esquire**

___8/12/14___             City of Philadelphia
Date      Attorney-at-law      Attorney for

**(215) 683-5433**    **(215) 683-5397**    **michael.r.miller@phila.gov**

Telephone     FAX Number      E-mail Address

(Civ. 660) 10/02